UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN WEAVER,

    Defendant.

Case No. 16-cr-40012-JPG-06

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Ivan Weaver's motion for free copies of certain documents related to his criminal case, namely, the docket sheet, the indictment, the plea agreement, and the sentencing transcript (Doc. 270). Although his sentencing was recorded by a court reporter, no transcript has been prepared. Weaver claims he needs these documents to challenge the conditions of his confinement.

As for the documents Weaver seeks that already exist, it is important to remember that defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial

burden to financially unable prisoners who desire their records be sent to them at government expense.

As for transcripts that have not been prepared, a defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that she is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Weaver has not made any of the showings this Court requires before it will provide court documents free of charge or order a transcript to be prepared for him at the public's expense. First, Weaver has not shown that he has exhausted all other means to access documents that already exist in his file. Second, Weaver has failed to provide sufficient evidence that he is indigent and cannot pay for the documents and transcript he requests. He has submitted no documentation of the current status of his finances. Therefore, he has failed to satisfy that essential requirement. Third, Weaver has no pending matter before this Court. This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that documents and transcripts are needed to decide the issue or issues presented by such a matter. *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to

sentence).

For the foregoing reasons, the Court hereby **DENIES** the motion (Doc. 270) **without prejudice**. If, at some point, Weaver should have an action pending before this Court, he may resubmit his request making the aforementioned showings.

**IT IS SO ORDERED.**
**DATED: April 10, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**